## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## 18-CV-799 (JNE/DTS)

Jordan Peacock,

       Plaintiff,

v.

Stewart Zlimen & Jungers, Attorneys, Ltd.,

       Defendant.

> **AMENDED COMPLAINT**

1. Plaintiff Jordan Peacock ("Consumer") amends his Complaint by right under FRCP 15(a)(1)(B).

2. Consumer initiates this action based on the violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by Stewart Zlimen & Jungers, Attorneys, Ltd. ("Debt Collector"). Debt Collector falsely represented the balance of a judgment when attempting to levy it from Consumer's bank account.

### PARTIES AND JURY TRIAL

3. Consumer is a natural person residing in Dakota County and is a "consumer" as the term is defined in 15 U.S.C. § 1692a(3).

4. Debt Collector is a Minnesota business corporation with a registered address of 2277 Highway 36W, Suite 100, Roseville, MN 55113. Debt Collector's principal business and purpose is the collection of debts, making it a "debt collector" as the term is defined in 15 U.S.C. § 1692a(6).

5. Consumer demands a trial by jury to the extent available under US Const. Amend. 7; FRCP 38.

**FACTS**

6. Debt Collector represents Wells Fargo Bank, N.A. in reference to an outstanding consumer debt that Consumer allegedly owes Wells Fargo.

7. On November 29, 2017, Wells Fargo (represented by Debt Collector) obtained a judgment against Consumer for said outstanding debt in the amount of $8,695.13. *See Notice of Entry and Docketing of Judgment attached as* **EXHIBIT A**.

8. This judgment debt began accruing interest daily as of the date of entry at a rate of four percent, per both the Notice of Entry and Docketing of Judgment, which ordered the accrual of standard judgment interest:

> "Costs and interest will accrue on any money judgment amounts from the date of entry until the judgment is satisfied in full." *See* **EXH. A**.

and Minn. Stat. § 549.09, which adds interest to all money judgments:

> "When a judgment or award is for the recovery of money . . . interest from the time of the verdict, award, or report until judgment is finally entered shall be computed by the court administrator . . . and added to the judgment or award."

9. On January 30, 2018, Debt Collector sent a Garnishment Summons, a Non-Earnings Disclosure Form, and an Exemption form to both Consumer and U.S. Bank, N.A., from which Debt Collector was attempting to levy the judgment. *See attached as* **EXHIBIT B**.

10. With judgment interest accruing daily under both Minn. Stat. § 549.09 and the judgment itself, the judgment balance had increased to approximately $8,753.50 by January 30, 2018.

11. Debt Collector's January 30, 2018 Garnishment Summons, however, misrepresented the balance of the judgment as being $8,695.13.

12. Had Consumer paid the stated amount, or had U.S. Bank done as instructed and turned over the requested judgment balance to Debt Collector, the judgment would not have been satisfied.

## COUNT I: MISREPRESENTATION OF CHARACTER, AMOUNT, AND LEGAL STATUS OF DEBT

13. Consumer incorporates all other allegations as if set forth herein in full.

14. The FDCPA prohibits collectors from misrepresenting a debt's "character, amount, or legal status:"

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

15. The FDCPA prohibits collectors from using false representations or deceptive means to collect a debt:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

16. With interest compounding on the judgment balance at 4%, and with 62 days having elapsed between entry of judgment on November 11, 2017 and service of the Garnishment Summons and attendant documents on January 30, 2018, the correct balance of the judgment on January 30, 2018 would have been $8,753.50.

17. When it served a Garnishment Summons on Consumer stating the balance as $8,695.13, Debt Collector violated §§ 1692e(2)(A) and 1692e(10) by misrepresenting—both to Consumer and to U.S. Bank— the balance of the judgment Consumer owed.

18. Debt Collector thus misled Consumer and U.S. Bank as to the amount of payment required to satisfy the underlying judgment when attempting to collect it.

19. Debt Collector misled Consumer into believing the balance of the judgment he owed Wells Fargo was different than the actual outstanding balance.

20. This violation has caused Consumer to suffer emotional distress, including frustration, confusion, and helplessness.

21. Consumer has been forced to hire legal counsel to address Debt Collector's failure to comply with the FDCPA.

22. The FDCPA provides the following remedies for its breach:

"[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of — (1) any actual damage sustained by such person as a result of such failure; (2) . . . such additional damages as the court may allow, but not exceeding $1,000 . . . [and (3)] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).

23. Consumer is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court under 15 U.S.C. § 1692k.

### COUNT II: FAILURE TO STATE ACCURATE CLAIM IN GARNISHMENT SUMMONS

24. Consumer incorporates all other allegations as if set forth herein in full.

25. Minn. Stat. § 571.72, subd. 2 lays out the following conditions a collector must meet to employ a Garnishment Summons to collect a judgment:

"To enforce a claim asserted in a civil action venued in a court of record, a garnishment summons may be issued by a creditor and served upon the garnishee in the same manner as other summons in that court of record . . . . The garnishment summons must state: (1) the full name of the debtor, the debtor's last known mailing address, and the amount of the claim that remains unpaid . . . ."

26. Minn. Stat. § 571.712 defines the term 'claim' used here as follows:

"'Claim' means the unpaid balance of the creditor's judgment against the debtor or, in a prejudgment garnishment proceeding, the unpaid balance of the creditor's claim against the debtor and all lawful interest and costs and disbursements paid or incurred in the civil action or in the garnishment proceedings."

27. Per both the Notice of Entry and Docketing of Judgment and Minn. Stat. § 549.09, as well as the plain language of Minn. Stat. § 571.712 requiring "all lawful interest . . . incurred in the civil action" be listed on a Garnishment Summons, Wells Fargo's judgment "claim" against Consumer was accruing interest daily, and stood at approximately $8,753.50 at the time of its Garnishment Summons.

28. By instead stating the balance of the judgment as $8,695.13 on its Garnishment Summons, Debt Collector stated an amount other than the "claim" as defined by Minn. Stat. § 571.712.

29. Debt Collector's failure to list the "claim" on its Garnishment Summons violated Minn. Stat. § 571.72, subd. 2.

### COUNT III: LEGALLY PROHIBITED COLLECTION ACTION

30. Consumer incorporates all other allegations as if set forth herein in full.

31. "The FDCPA prohibits, *inter alia,* the use of debt collection practices that violate state law . . . *See* 15 U.S.C. § 1692e(5) (prohibiting debt collectors from using 'false, deceptive, or misleading representation or means in connection with the collection of any

debt,' which specifically includes '[t]he threat to take any action that cannot legally be taken')." *Picht v. Hawks*, 236 F.3d 446, 448 (8th Cir. 2001)."

32. By serving a defective Garnishment Summons on Consumer and U.S. Bank which did not comply with the requirements of Minn. Stat. § 571.72, subd. 2, and thus threatening to levy funds from Consumer without the legal right to do so, Debt Collector also violated 15 U.S.C. § 1692e(5).

## RELIEF REQUESTED

Consumer requests an Order for the following relief:

1. Judgment in favor of Jordan Peacock and against Stewart Zlimen & Jungers, Attorneys, Ltd. for actual damages in an amount to be determined at trial, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee under 15 U.S.C. § 1692k.

2. Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.

3. All other relief the Court deems just and equitable.


Date: <u>April 5, 2018</u>                    */s/ Bennett Hartz*_____
                                        Andrew C. Walker #392525
                                        Bennett Hartz #393136
                                        Walker & Walker Law Offices, PLLC
                                        4356 Nicollet Avenue South
                                        Minneapolis, MN 55409
                                        (612) 824-4357
                                        ***Attorneys for Consumer***