# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jordan Peacock,

        Plaintiff,                  Civil File No. 18-cv-799 (JNE/DTS)

vs.

Stewart Zlimen & Jungers, Attorneys, Ltd.,

                                     **DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND 15 U.S.C. § 1692k(a)(3)**

        Defendant.

---

Defendant hereby moves the Court pursuant to Fed. R. Civ. P. 11 for sanctions against Plaintiff, his counsel Mr. Bennett Hartz, and Mr. Hart's employer: Walker & Walker Law Office, PLLC. Plaintiff asserts claims against Defendant that are not warranted by any reasonable reading of the law and he presents no reason for overturning the existing law or for establishing new law. *See* Fed. R. Civ. P. 11(b)(2) and 11(c)(2).

Plaintiff purports to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Specifically, Plaintiff alleges that Defendant violated the FDCPA by failing to burden him with interest charges on an existing money judgment. Plaintiff does not allege that he has suffered a risk of actual or imminent harm. Plaintiff's allegations, denied by Defendant in the Answer with supporting documentation, do not give rise to any material violation of the FDCPA. Further, Plaintiff

bases his entire claim on esoteric readings of the FDCPA and Minnesota Statutes that are unfounded and frivolous.

The bases for Defendant's Motion are set forth as follows:

1. Plaintiff fails to allege any facts sufficient to meet the baseline requirements of Article III. Standing requires actual harm or the risk of harm. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiff fails to allege that he even had a bank account at the financial institution summoned (U.S. Bank). In fact, Plaintiff knew that his U.S. Bank account was closed prior to receipt of the garnishment summons. (*See* Answer, Ex. B.) Plaintiff and his counsel, knowing Plaintiff has no account at U.S. Bank, continue misrepresenting the facts to the Court in the Amended Complaint by claiming that Defendant "would have" refused to satisfy the judgment upon receipt of the full unpaid balance from U.S. Bank. Any reasonable reading of the Amended Complaint in full illustrates that Plaintiff expects the reader's assumption that he had an account at U.S. Bank. Thus, Plaintiff cannot use his vague and speculative language as an excuse for his implied misrepresentation of the facts. Plaintiff's counsel also knows that his legal conclusions in Counts II and III of the Amended Complaint do not allege anything actionable under the FDCPA. The Amended Complaint relies on speculation as to *hypothetical* conduct by U.S. Bank and Defendant, along with a new summary conclusion that every judgment creditor must assess the maximum fees and interests allowed by law or stand in violation of the FDCPA. Nothing stated in the

Amended Complaint, when read along with the Answer, indicates that Plaintiff was ever at risk of harm. Plaintiff's lawsuit is at its heart a preposterous request that Defendant be punished for stating plainly and accurately the original balance of a valid, money judgment.

2. Plaintiff's claim ignores the requirement that § 1692e claims contain some "misleading" or "deceptive" conduct that would affect the least sophisticated consumer's decision making with regard to the debt. *Demarais v. Gurstel Chargo, P.A., et al*, 869 F.3d 685 (8th Cir. August 29, 2017); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012). Plaintiff's claim rests on a garnishment summons that was directed to a third-party financial institution. Plaintiff does not allege that his decision-making process was impacted by receiving a copy of a garnishment summons requesting a sum identical to the original judgment entered by the state court. Indeed, Plaintiff knew that he had no open account at U.S. Bank and as such there was nothing required of him to avoid U.S. Bank freezing any of his money. (See Answer, Ex. B). Moreover, Plaintiff proceeds with this claim despite the Eighth Circuit's emphatic requirement that any claimed misrepresentation under 1692e must be material to be actionable. *Hill v. Accounts Receivable Services, LLC*, No. 16-4356 (8th Cir. April 19, 2018) at *3.

3. Plaintiff knows that no case law in the "interest notice" vein of the FDCPA to follow *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016) has supported his position. The most recent and precedential case on Plaintiff's theory rejects his logic in full. *Taylor v. Fin. Recovery Servs., Inc.*, No. 17-1650-CV (2d

Cir. March 29, 2018). In *Taylor* the Second Circuit clarified that a consumer has no right to sue a collector for failing to disclose that the collector is *not* charging interest. The Eighth Circuit in *Hill* likewise dismissed a consumer's claim that a collector was unlawfully collecting *additional* interest, with the Eighth finding that applicability of statutory interest is a matter a consumer must resolve in the state court. No. 16-4356 (8th Cir. April 19, 2018) at *3-4. It is with greater force that no claim exists when Defendant here is following its client's request that no post-judgment interest be levied on Defendant. (See Ans., Ex. A.) Plaintiff's counsel has practiced law in this area for several years, and he has been counsel of record for consumers in many FDCPA lawsuits. Plaintiff's counsel cannot be excused for ignoring established precedent in FDCPA caselaw. Plaintiff's counsel prosecutes this frivolous and bad faith claim nonetheless.

4. Every court known to have considered Plaintiff's theory of the case has rejected it. *See Polizois v. Vengroff Williams, Inc.*, 16-CV-0711(JFB)(GRB) (E.D.N.Y. Mar. 22, 2018) ("courts having considered the issue [of failing to disclose non-accruing interest] have correctly concluded that no such affirmative duty [to disclose non-accruing interest] exists"); *Santibanez v. Nat'l Credit Sys., Inc.*, Case N. 6:16-CV-00081-AA (D. Or. Jan. 11, 2017) ("[T]here was no danger plaintiff would be misled. It is undisputed that defendant never attempted to collect any interest and that payment of the "balance" … would have cleared plaintiff's account); *Martin v. Trott Law, P.C.*, 2016 WL 3997029 (E.D. Mich. July 26, 2016) (noting the

plaintiffs had no claim when defendant-collector omitted sums the plaintiffs merely presumed were due).

Plaintiff thus knew (by way of his experienced attorney's practice in this field) that his client's claim was meritless and without any legal basis in any jurisdiction of the United States. *See also Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004) (noting that a collector who had no intent to collect interest or fees violates the FDCPA by suggesting to a consumer that unsought interests or fees "might" accrue).

5. Plaintiff did not conduct a reasonable investigation into the facts involved prior to commencing the original lawsuit. Plaintiff then submitted an Amended Complaint with this Court but did not appropriately remedy the defects in his original claim. The additional allegations concerning Minnesota statutes are irrelevant vis-à-vis the FDCPA. Plaintiff's counsel cites to no law *compelling* a creditor to burden a debtor with interest. Plaintiff's counsel promotes an anti-consumer theory: all Minnesota judgment creditors must "incur" interest under Minn. Stat. § 571.712. According to Mr. Hartz, when it comes to creditors, everything not forbidden is compulsory. However, nothing counsel cites suggests that a creditor must pursue a statutorily created right or that statutory rights cannot be waived. The fact that Defendant as the *collector* is tasked with championing a consumer-friendly position against Mr. Hartz's unforgiving and esoteric reading of Minnesota law is illustrative of counsel's bad faith in pursuing this claim. The Amended Complaint fails to remedy Plaintiff's defective claim.

6. Plaintiff, having had an opportunity to appropriately correct his initial pleading under Rule 11, interposed the Amended Complaint that did nothing to remedy the claim. Defendant's client was not accruing or collecting interest on the money judgment, a fact that Plaintiff did not reasonably inquire into prior to suit. Having been informed of that fact, Plaintiff has since ignored it and continued with his lawsuit. (Ans., ¶ 8, Ex. A.) Furthermore, Plaintiff knew that he did not have an open account at U.S. bank when the garnishment was served; therefore, his allegations regarding the potential for U.S. Bank to have paid Defendant are knowingly false. (Ans., Ex. B.) Plaintiff and his counsel persist in their reliance upon false premises and raw speculation of future events to prop up this suit. (Am. Compl., ¶ 12.)

7. Defendant served this motion on Plaintiff at least twenty-one (21) days prior to the filing of this motion with the Court.

## **MOTION UNDER RULE 11**

Having complied with the Safe Harbor requirements of Rule 11, Defendant respectfully moves this Court for an award of sanctions against counsel for Plaintiff, including Walker & Walker Law Offices, PLLC, to include Defendant's reasonable expenses and attorney's fees incurred in the defense of this matter. Defendant also requests sanctions against Plaintiff personally to the extent this Court finds appropriate.

## MOTION UNDER 15 U.S.C. § 1692k(a)(3)

Defendant respectfully moves this Court for an award of sanctions against Plaintiff and his counsel under 15 U.S.C.§ 1692k(a)(3) to include Defendant's reasonable expenses and attorney's fees incurred in the defense of this matter.

Dated: 5/4/2018

s/ Brad D. Welp
Brad D. Welp, #0344497
Bradley J. Halberstadt, #215296
Stewart, Zlimen & Jungers, Ltd.
2860 Patton Road
Roseville, MN 55113
Phone: 612-366-6380
Fax: 612-366-6381
bradwelp@szjlaw.com
*Attorneys for Defendant*