UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jordan Peacock,

          Plaintiff,

vs.

Stewart Zlimen & Jungers, Attorneys, Ltd.,

          Defendant.

Civil File No. 18-cv-799 (JNE/DTS)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND 15 USC § 1692k(a)(3)**

---

## INTRODUCTION

Sanctions against Plaintiff and his counsel are appropriate in this case. Plaintiff's Amended Complaint failed to remedy any of the defects of his claims under Rule 11. Plaintiff's Opposition to both the Motion for Sanctions and the Motion for Judgment on the Pleadings illustrate that he cannot allege *facts* that illustrate any violation of the Fair Debt Collection Practices Act ("FDCPA").  He should have dismissed his complaint. Instead, he amended it and relies on that fact alone to defend against Stewart's renewed motion for sanctions.

## ARGUMENT

First, Plaintiff's Amended Complaint fails to allege any new facts or any conduct that plausibly violates the FDCPA. The non-binding, Second Circuit precedent relied on by Plaintiff is *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), but Plaintiff

discusses *Avila* while keeping his head firmly in the sand with regards to the more recent and more relevant *Taylor v. Financial Recovery Systems, LLC,* No. 17-1650-cv at *7-8, 2018 WL 1526057 (2d Cir. Mar. 29, 2018). *Avila* was expressly clarified in *Taylor*, which affirmed that the FDCPA does not require a debt collector to disclose that interest is not accruing on a debt. *Id*. Tellingly, Plaintiff admits that this is the state of the law. (Doc. 30 at p. 5.) Yet he continues to maintain this frivolous action against Stewart in clear violation of Rule 11(b)(2) and section 1692k(a)(3).

Second, Plaintiff's Amended Complaint fails to remedy the defects of his claim. He pleads no new facts but merely adds legal conclusions, namely, a non-existent claim for "unlawful garnishment". (Doc. 12 at Count II.) However, as Plaintiff's counsel knows, there is no such cause of action. *See Salaimeh v. Messerli & Kramer, P.A.*, Civil No. 13-3201, 2014 WL 6684970, at *5 (D. Minn. Nov. 25, 2014) (dismissing with prejudice a "wrongful garnishment" claim brought by the Plaintiff's counsel as Minnesota law does not recognize such a private right of action; moreover, only "creditors" have liability under the garnishment statute).

Finally, while Plaintiff ties himself in knots trying to convince the court that a judgment creditor is compeled to charge interest, he cites no law that could lead one to this conclusion. Judgment interest, like any other creditor's right, is an entitlement that naturally can be waived. *Donaldson v. Mankato Policemen's Benefit Ass'n*, 278 N.W.2d 533, 538 (Minn. 1979) ("[Plaintiff] is *entitled* to simple interest at 6 percent per annum, Minn. St. 334.01, on the payments as they become due."). Interest is designed to incentivize

payment and compensate the creditor for the time value of its money. Stewart's client has waived its right to interest to the benefit of the Plaintiff.

## **CONCLUSION**

Plaintiff's claim is frivolous on its face. He has suffered no articulable harm. He admits that the FDCPA does not require a debt collector to inform him that interest is not accruing on his debt. Therefore, Plaintiff's claims are not warranted by existing law. So why are we here? Instead of accepting the gift of waived judgment interest, Plaintiff incredibly chose to proceed with this baseless lawsuit. No good deed goes unpunished. Still, the Court should not countenance Plaintiff's abuse of the FDCPA.

**STEWART, ZLIMEN & JUNGERS, LTD.**

Dated:  June 29, 2018         s/ Brad D. Welp                                  .
  Brad D. Welp
  Attorney ID No. 0344497
  *Attorneys for Defendant*
  2860 Patton Rd
  Roseville, Minnesota 55113
  Phone: 651-366-6380
  bradwelp@szjlaw.com