UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jordan Peacock,

    Plaintiff,

v.                                                         Case No. 18-cv-799 (JNE/DTS)
                                                        ORDER

Stewart Zlimen & Jungers, Attorneys, Ltd.,

    Defendant.

---

Bennett Hartz, Walker & Walker Law Offices, PLLC, appeared for Jordan Peacock.

Brad D. Welp, Stewart, Zlimen & Jungers, Ltd., appeared for Stewart, Zlimen & Jungers, Ltd.

---

      Wells Fargo Bank, N.A. ("Wells Fargo"), which was represented by Stewart, Zlimen & Jungers, Ltd. ("Stewart"), obtained a judgment of approximately $8,700 against Jordan Peacock in state court. Two months later, Stewart sent a garnishment summons, which did not include post-judgment interest in the unpaid balance, to U.S. Bank, N.A., and Peacock. Approximately one month later, Peacock commenced this action in state court. Stewart removed it to federal court. In his amended complaint, Peacock claimed that Stewart violated the Fair Debt Collection Practices Act ("FDCPA") and Minnesota's garnishment statutes by failing to include post-judgment interest in the unpaid balance on the garnishment summons. The action is before the Court on Stewart's motion for judgment on the pleadings and motion for sanctions. For the reasons set forth below, the Court grants Stewart's motion for judgment on the pleadings and denies Stewart's motion for sanctions.

# I. BACKGROUND

## A. Peacock's amended complaint

According to Peacock's amended complaint, Stewart represented Wells Fargo in connection with a consumer debt that Peacock owed to Wells Fargo. On November 30, 2017, Wells Fargo obtained a judgment of $8,695.13 against Peacock in state court. The notice of entry and docketing of judgment states that "interest will accrue on any money judgment amounts from the date of entry until the judgment is satisfied in full."

On January 30, 2018, Stewart sent a garnishment summons, a non-earnings disclosure form, and an exemption form "to both [Peacock] and U.S. Bank, N.A., from which [Stewart] was attempting to levy the judgment." With accrued interest, "the judgment balance had increased to approximately $8,753.50 by January 30, 2018." The garnishment summons stated an unpaid balance of $8,695.13. "Had [Peacock] paid the stated amount, or had U.S. Bank done as instructed and turned over the requested judgment balance of [Stewart], the judgment would not have been satisfied."

In Count I of his amended complaint, Peacock claimed that Stewart violated the FDCPA, 15 U.S.C. § 1692e(2)(A), (10) (2012), by misrepresenting the balance of the judgment he owed. He alleged that the violation "caused [him] to suffer emotional distress, including frustration, confusion, and helplessness." In Count II, Peacock claimed that Stewart violated Minnesota's garnishment statutes, Minn. Stat. § 571.72, subd. 2 (2016), by failing to include interest in the unpaid balance on the garnishment summons. In Count III, Peacock alleged that Stewart violated the FDCPA, 15 U.S.C.

§ 1692e(5), by serving a defective garnishment summons and "thus threatening to levy funds from [him] without the legal right to do so."

Two exhibits were attached to Peacock's amended complaint. One was the state court's notice of entry and docketing of judgment, which is dated November 30, 2017. The other includes the garnishment summons that Stewart sent on January 30, 2018.

**B.     Stewart's answer to Peacock's amended complaint**

Stewart acknowledged that its client, Wells Fargo, obtained a money judgment against Peacock on November 30, 2017. Stewart denied Peacock's allegation that daily interest accrued on the judgment. Stewart stated that neither it nor Wells Fargo "ever requested, accrued or sought to collect pre-judgment or post-judgment interest on the debt in question." Stewart attached the proposed order that it submitted to the state court to its answer. The proposed order "exclude[ed] pre-judgment and post-judgment interest." Stewart admitted that it sent a garnishment summons to U.S. Bank and Peacock, denied that it misrepresented the unpaid balance on the garnishment summons, and denied that the judgment would not have been satisfied had Peacock paid the amount stated on the garnishment summons or had U.S. Bank turned over the requested amount. Citing a response to the garnishment summons, which was attached to its answer, Stewart also stated that no funds were held in response to the garnishment summons because Peacock's account at U.S. Bank had been closed.

## II. DISCUSSION

**A. Stewart's motion for judgment on the pleadings**

Stewart asserted that judgment on the pleadings should be granted in its favor because Peacock failed to allege facts to establish Article III standing and failed to state a claim upon which relief can be granted. Peacock disputed Stewart's contentions.

### 1. Standing

"Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *Auer v. Trans Union, LLC*, 902 F.3d 873, 877 (8th Cir. 2018) (quoting *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011)). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The Supreme Court's "standing decisions make clear that '"standing is not dispensed in gross."' To the contrary, 'a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.'" *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). According to Stewart, Peacock failed to allege that he sustained an injury in fact.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "'Article III standing requires a

concrete injury even in the context of a statutory violation,' and a plaintiff cannot 'allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.'" *Auer*, 902 F.3d at 877 (quoting *Spokeo*, 136 S. Ct. at 1549).

In his amended complaint, Peacock alleged that Wells Fargo obtained a money judgment against him, that interest on the judgment accrued, that Stewart "attempt[ed] to levy the judgment" by sending a garnishment summons to U.S. Bank and Peacock, and that Stewart misrepresented the judgment balance on the garnishment summons by failing to include accrued interest. He claimed that Stewart's misrepresentation of the judgment balance caused him "to suffer emotional distress, including frustration, confusion, and helplessness." The Court concludes that Peacock has adequately alleged an injury in fact that gives him standing to assert his claims. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018); *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 349 (S.D.N.Y. 2017) (citations omitted), *aff'd*, 886 F.3d 212 (2d Cir. 2018).

### 2. Failure to state a claim

"The same standards that govern motions to dismiss under Rule 12(b)(6) also govern motions for judgment on the pleadings under Rule 12(c)." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). In ruling on a motion to dismiss for failure to state a claim, a court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). Although a pleading is not required to contain

detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

### a. Count I

In Count I of his amended complaint, Peacock alleged that Stewart violated the FDCPA by misrepresenting the balance of the judgment that he owed to Wells Fargo on the garnishment summons. *See* 15 U.S.C. § 1692e(2)(A), (10). Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Violations of § 1692e include "[t]he false representation of the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* The Eighth Circuit summarized the applicable standards:

> "The FDCPA was passed 'to eliminate abusive debt collection practices.'" It broadly "prohibits a debt collector from making a 'false, deceptive or misleading representation or means in connection with the collection of any debt,'" and "from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" "When evaluating whether a communication is false, deceptive, or misleading, we consider

6

> the perspective of an 'unsophisticated consumer.'" This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" "Th[e] standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." We do not apply the unsophisticated-consumer standard to communications sent to a consumer's attorney.

*Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981 (8th Cir. 2016) (per curiam) (alteration in original) (citations omitted).

To support his claim, Peacock relied heavily on *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016). In *Avila*, the plaintiffs received collection notices that stated "each plaintiff's 'current balance' but did not disclose that this balance was continuing to accrue interest or that, if plaintiffs failed to pay the debt within a certain amount of time, they would be charged a late fee." 817 F.3d at 74. One plaintiff alleged that interest "was accruing daily at a rate equivalent to 500% per year and that defendants have tried to collect this interest from her." *Id.* The plaintiffs alleged violations of § 1692e, the district court granted the defendants' motion to dismiss, and the Second Circuit reversed the dismissal of the plaintiffs' FDCPA claims:

> [W]e hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e. A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent

but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

*Id.* at 76.

The Second Circuit recently discussed *Avila* while addressing the issue of "whether it is misleading within the meaning of Section 1692e for a debt collection letter to state the amount of a debt without disclosing that the debt, which once accrued interest or fees, no longer does so." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 213 (2d Cir. 2018). In *Taylor*, the court of appeals held "that such a notice complies with Section 1692e," *id.*, and rejected the plaintiffs' reliance on *Avila*:

> [Plaintiffs'] primary argument is that [Defendant's] collection notices were misleading within the meaning of Section 1692e because the least sophisticated consumer could have interpreted them to mean either that interest and fees on the debts in question were accruing or that they were not accruing. In effect, they argue that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt. [Plaintiffs] contend that our holding in *Avila* supports them in this argument.

8

They are mistaken. In *Avila*, we found a collection notice to be misleading because "[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice," whereas, in reality, such a payment would not settle the debt. "The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid," as well as any interest or fees that accumulated thereafter. This was no theoretical concern. One of the plaintiffs in *Avila* had paid the stated balance of her debt only to find herself still on the hook for an unpaid balance that was accumulating interest at the alarming rate of 500% per annum.

The collection notices [Defendant] sent to [Plaintiffs], which stated their respective balances due without discussing interest or fees, could likewise have been read to mean that prompt payment of the amounts stated would satisfy the debts in question. The difference is that, while that message was prejudicially misleading on the facts of *Avila*, on the facts of this case it was accurate: prompt payment of the amounts stated in [Plaintiffs'] notices *would* have satisfied their debts.

Of course, being informed that their debts were not accruing interest or fees could have been advantageous to [Plaintiffs], as it would have alerted them to the fact that they could delay repayment without their debts increasing. Thus, the only harm that [Plaintiffs] suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in *Avila*.

It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts. And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so. Construing the FDCPA in light of its consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently

> accruing on a debt is not misleading within the meaning of
> Section 1692e.

*Id.* at 214-15 (citations omitted). Thus, "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice" is not misleading within the meaning of § 1692e. *Id.* at 215. "If instead the notice contains no mention of interest or fees, and they *are* accruing, then the notice will run afoul of the requirements of" § 1692e. *Id.*

In this case, Peacock alleged that Wells Fargo obtained a money judgment against him; that daily interest accrued on the judgment according to the judgment itself and state law; that Stewart sent a garnishment summons to Peacock and U.S. Bank, "from which [Stewart] was attempting to levy the judgment"; and that Stewart misrepresented the judgment balance on the garnishment summons by failing to include accrued interest. He did not allege that Stewart or Wells Fargo charged or sought to collect post-judgment interest. Peacock's allegation that the judgment would not have been satisfied had he paid the amount stated on the garnishment summons or had U.S. Bank turned over the amount stated on the garnishment summons is implausible. He did not allege that he made any attempt to pay the judgment at any time or that U.S. Bank had any funds that were subject to the garnishment summons.[1]

Acknowledging that the proposed order submitted by Stewart to the state court did not seek post-judgment interest, Peacock asserted that the judgment issued by the state

---

1   As noted above, an exhibit attached to Stewart's answer indicates that Peacock's account at U.S. Bank had been closed before U.S. Bank received the garnishment summons.

10

court included post-judgment interest. According to Peacock, Stewart could not unilaterally waive post-judgment interest. He asserted that "[w]hether Stewart, internally, wanted to collect any interest is irrelevant." The Court rejects Peacock's argument that Stewart and Wells Fargo were bound to charge and attempt to collect post-judgment interest. *Cf. United States v. Mezzanatto*, 513 U.S. 196, 200-01 (1995) ("The Ninth Circuit's analysis is directly contrary to the approach we have taken in the context of a broad array of constitutional and statutory provisions. Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause, we instead have adhered to the opposite presumption."); *Stephenson v. Martin*, 259 N.W.2d 467, 470 (Minn. 1977) ("It is also well established that, except as limited by public policy, a person may waive a statutory right.").

Wells Fargo, represented by Stewart, obtained a judgment against Peacock in the amount of $8,695.13. Two months later, Stewart sent a garnishment summons to U.S. Bank and to Peacock. The garnishment summons stated an unpaid balance of $8,695.13. Peacock did not allege that Stewart or Wells Fargo charged or sought to collect post-judgment interest. Peacock did not plausibly allege that Stewart falsely represented the character, amount, or legal status of a debt or that Stewart used a false representation or deceptive means to collect or attempt to collect a debt. The Court dismisses Count I of Peacock's amended complaint for failure to state a claim upon which relief can be granted. *Cf. Taylor*, 886 F.3d at 215 ("[Plaintiffs] fare no better with their argument that [Defendant's] notices were misleading because, even if [the creditor] did not accrue post-placement interest on their debts, it nonetheless retained the right to do so. Even if such a

11

right existed, [Defendant's] collection notices were not misleading because no interest or fees were being charged and [Plaintiffs] could have satisfied their debts by making reasonably prompt payment of the amounts stated in the notices.").

### b. Count II

The Court dismissed Count II of Peacock's amended complaint at the motion hearing. *See Smeby v. Messerli & Kramer, P.A.*, Civil No. 14-5086 (MJD/JJK), 2015 WL 1897853, at *1, 4 (D. Minn. Apr. 23, 2015); *Salaimeh v. Messerli & Kramer, P.A.*, Civil No. 13-3201 (DSD/HB), 2014 WL 6684970, at *5 (D. Minn. Nov. 25, 2014).

### c. Count III

In Count III of his amended complaint, Peacock claimed that Stewart violated the FDCPA by "serving a defective [g]arnishment [s]ummons on [Peacock] and U.S. Bank which did not comply with the requirements of Minn. Stat. § 571.72, subd. 2, and thus threatening to levy funds from [Peacock] without the legal right to do so." As noted above, § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "The threat to take any action that cannot legally be taken or that is not intended to be taken" constitutes a violation of § 1692e. 15 U.S.C. § 1692e(5).

"As a general matter, state collection law and the FDCPA are not coextensive— sections 1692e and 1692f are not federal enforcement mechanisms intended to reach every violation of state collection law." *Haney*, 895 F.3d at 988. "The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation.

Only those collection activities that use 'any false, deceptive, or misleading representation or means,' including '[t]he threat to take any action that cannot legally be taken' under state law, will also constitute FDCPA violations." *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004) (alteration in original).[2]

"As an ancillary proceeding to a civil action for the recovery of money, a creditor may issue a garnishment summons as provided in this chapter against any third party . . . at any time after entry of a money judgment in the civil action." Minn. Stat. § 571.71 (2016). "When a garnishment summons is issued against either earnings or funds in a financial institution, the applicable provisions cited in this chapter must be complied with in addition to the general provisions and definitions relating to all garnishment proceedings." *Id.* § 571.711. "To enforce a claim asserted in a civil action venued in a court of record, a garnishment summons may be issued by a creditor and served upon the garnishee . . . ." *Id.* § 571.72, subd. 2. "The garnishment summons must state . . . the amount of the claim that remains unpaid . . . ." *Id.* "'Claim' means the unpaid balance of the creditor's judgment against the debtor or, in a prejudgment garnishment proceeding, the unpaid balance of the creditor's claim against the debtor and all lawful interest and costs and disbursements paid or incurred in the civil action or in the garnishment proceedings." *Id.* § 571.712, subd. 2(d).

As stated above, Peacock did not allege that Stewart or Wells Fargo charged or sought to collect post-judgment interest. Stewart stated the amount of the claim that

---

[2] In *Carlson*, 359 F.3d at 1018, the Eighth Circuit rejected the plaintiff's broad reading of *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 448 (8th Cir. 2001) ("The FDCPA prohibits, *inter alia*, the use of debt collection practices that violate state law.").

13

remains unpaid on the garnishment summons. Peacock has not plausibly alleged that Stewart threatened to take any action that cannot legally be taken or that is not intended to be taken. The Court dismisses Count III for failure to state a claim upon which relief can be granted.

**B.     Stewart's motion for sanctions**

Stewart moved for sanctions against Peacock, his attorney, and the attorney's law firm under Rule 11 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(3) (2016). Stewart requested an award of its reasonable attorney's fees and expenses incurred in this action.

"On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

> after a reasonable opportunity for further investigation or
> discovery . . . .

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "[I]f imposed on motion and warranted for effective deterrence," the sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* The court must not impose a monetary sanction "against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A).

"[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (alteration in original) (quoting *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994)). The Eighth Circuit has stated "that the standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (quoting *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006)).

Peacock's claims border on the frivolous, but they are not so meritless as to warrant the imposition of sanctions under Rule 11. The Court does not find that the action was brought in bad faith and for the purpose of harassment. The Court concludes that sanctions are not warranted under either Rule 11 or § 1692k(a)(3).

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Stewart's motion for judgment on the pleadings [Docket No. 23] is GRANTED.

2. Stewart's motion for sanctions [Docket No. 32] is DENIED.

3. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 6, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge